IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JAMES MADISON FRANKLIN HUGHES, JR.,** ) ) | |
| Petitioner, ) | Civil Action No. 7:23cv00369 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| **COMMONWEALTH OF VIRGINIA,** ) ) | By: Pamela Meade Sargent |
| Respondent. ) | United States Magistrate Judge |

James Madison Franklin Hughes, Jr., ("Hughes"), a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1998 convictions for several counts of distribution of cocaine (second offense) and conspiracy to distribute cocaine (second offense) in Halifax County Circuit Court. Upon review of this matter pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court has determined that Hughes has previously filed § 2254 petitions in this court to challenge the same convictions. Accordingly, the court must dismiss the petition as successive.

On July 3, 2001, another judge of this court dismissed Hughes's § 2254 habeas petition challenging the same convictions, and Hughes appealed to the Fourth Circuit Court of Appeals, which dismissed the appeal, and to the United States Supreme Court, which denied his petition for certiorari. *See Hughes v. Warden, Sussex I*, No. 7:00cv00933 (W.D. Va.). In 2008, Hughes filed another habeas petition challenging the same convictions, which was dismissed without prejudice as a successive petition. *See Hughes v. Watson*, No. 7:08cv00472 (W.D. Va. Aug. 20, 2008). Hughes then filed the appropriate motion with the Fourth Circuit Court of Appeals,

seeking authorization to file a second or subsequent habeas, but the court denied the motion. *In re Hughes*, No. 09-117 (4th Cir. Mar. 12, 2009).

Under 28 U.S.C. § 2244(b), a federal court must dismiss a second or subsequent habeas petition unless it meets certain conditions. This rule applies even if the petition raises new claims based on evidence not previously available. The petitioner must move for and receive authorization from the appropriate circuit court of appeals before filing a second or subsequent petition in the district court. This is so the circuit court can determine, before the case is filed in district court, whether petitioner has made a prima facie showing that the requirements for a second or subsequent petition have been met. *See* 28 U.S.C. § 2244(b)(3)(C). Because this is the third petition seeking to challenge the 1998 Halifax County Circuit Court convictions, and Hughes has not obtained authorization from the Fourth Circuit Court of Appeals, I must dismiss the petition.

It is hereby **ORDERED** that Hughes's § 2254 petition is **DISMISSED without prejudice** as a successive petition, and this action is **STRICKEN** from the active docket of the court.

**ENTERED:** July 26, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE